IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS BOSTIC,

                      Plaintiff,                Case No. 3:11 CV 1345

     -vs-

                                        MEMORANDUM OPINION

MAGGIE BEIGHTLER, Warden,

                      Defendant.

KATZ, J.

This action involves Petitioner Thomas Bostic's *pro se* Petition for a Writ of Habeas Corpus. This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Greg White. (Doc. 14). The Magistrate received this case under Local Rule 72.2(b)(2) and recommended denying the petition. Bostic has timely filed objections to the R&R. (Doc. 15). Pursuant to 28 U.S.C. § 636(b)(1)(C) and *United States v. Curtis*, 237 F.3d 598, 603 (6th. Cir. 2001), this Court conducts a *de novo* review of the Magistrate's R&R. For the reasons below, the Court adopts the Magistrate's R&R in full, and Bostic's Petition is hereby denied.

**I. Background**

The Court hereby adopts the Magistrate Judge's description of the facts and procedure of this case as provided in the R&R, and as follows:

> Petitioner, Thomas Bostic ("Bostic"), challenges the constitutionality of his conviction in the case of *State v. Bostic*, Cuyahoga County Court of Common Pleas Case Nos. CR-481495 and CR-485753. Bostic, *pro se*, filed a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on June 30, 2011. On January 5, 2012, Warden Maggie Beightler ("Respondent") filed a Motion to Dismiss the petition as time-barred. (ECF No. 9) Bostic did not file a Traverse or a brief in opposition to the motion to dismiss. He did, however, file two motions requesting transcripts, journal

entries, and other documents.[1] (ECF Nos. 10 & 11.) For reasons set forth in detail below, it is recommended that Bostic's petition be DISMISSED as time-barred.

## I. Procedural History

**A. Conviction**

In May of 2006, the Cuyahoga County Grand Jury charged Bostic with four counts of aggravated theft in violation of Ohio Revised Code ("O.R.C.") § 2913.02, and three counts of aggravated theft in violation of O.R.C. § 2913.21. (ECF No. 9-1, Exh. 1.) Subsequently, in a second indictment, Bostic was charged with one count of menacing by stalking in violation of O.R.C. § 2903.211, one count of intimidation in violation of O.R.C. § 2921.04, and one count of burglary in violation of O.R.C. § 2911.12. (ECF No. 9-1, Exh. 4.)

On December 29, 2006, with respect to the charges in the first indictment, CR-481495, Bostic, represented by counsel, plead guilty to one count of aggravated theft. The remaining counts were nolled. The court sentenced Bostic to a term of twelve months incarceration, to be served concurrently with the sentence handed down in CR-485753. (ECF No. 9-1, Exh. 3.) On the same date, Bostic plead guilty to all three charges in the indictment, CR-485753. He was sentenced to an aggregate term of 6.5 years incarceration. (ECF No. 9-1, Exh. 6.)

**B. Direct Appeal**

Bostic failed to file a timely direct appeal challenging his convictions or sentence. (ECF No. 9-1, Exhs. 35 & 35)[.]

**C. Delayed Direct Appeal**

On March 13, 2009, over two years after his sentencing, Bostic, *pro se*, filed a Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court").

On April 23, 2009, the court denied leave for a delayed appeal. (ECF No. 9-1, Exh. 9.) No appeal was filed with the Ohio Supreme Court.

On December 15, 2010, over a year after he was denied leave to file a delayed appeal, Bostic, *pro se*, again filed a Notice of Appeal with the state appellate court. (ECF No. 9-1, Exh. 23).

On December 20, 2010, the appeal was dismissed *sua sponte* as untimely. (ECF No. 9-1 Exh. 24.)

On April 13, 2011, almost four months later, Bostic filed a motion for leave to file a delayed appeal with the Supreme Court of Ohio, which was denied. (ECF No. 9-1, Exhs. 25 & 27)[.]

**D. Other State Court Filings**

---

[1] Respondent has represented that it mailed the Appendix of State Court Record to Bostic, the same records filed electronically with the Court on January 5, 2012. (ECF No. 9 at 14) Though Bostic complains that he did not receive the transcript of the plea hearing (ECF No. 13), the transcript is not necessary to determine whether his petition was timely filed or whether he is entitled to equitable tolling. Therefore, Bostic's motions (ECF Nos. 10 & 11) are denied as moot.

On four separate occasions, Bostic filed motion for judicial release. (ECF No. 9-1, Exhs. 10, 12, 14 & 15.) Represented by his trial counsel, Bostic's first motion for judicial release was filed April 4, 2008, and denied April 17, 2008. (ECF No. 9-1, Exhs. 10 & 11) Represented by different counsel, Bostic's second motion for judicial release was filed July 15, 2008, and denied August 22, 2009. (ECF No[.] 9-1, Exhs. 12 & 13.) His third such motion, *pro se*, was filed August 14, 2009, and denied August 21, 2009. (ECF No[.] 9-1, Exhs. 14 & 16.) His fourth, again *pro se*, was filed December 30, 2009, and denied January 7, 2010. (ECF No. 9-1, Exhs. 15 & 17.)

On April 16, 2010, Bostic, *pro se*, filed a Postconviction Motion and a Petition to Vacate or Set Aside Judgment or Sentence. (ECF No. 9-1, Exhs. 28 & 29.) Both were denied. (ECF No. 9-1, Exh. 31.) A subsequent appeal was dismissed *sua sponte* as untimely. (ECF No. 9-1, Exhs. 32 & 33.)

On September 17, 2010, Bostic, *pro se*, filed a motion to dismiss a faulty indictment, which was also denied. (ECF No. 9-1, Exhs. 18 & 19.)

**E. Federal Habeas Petition**

On June 30, 2011, Bostic filed a Petition for Writ of Habeas Corpus asserting the following grounds for relief.

GROUND ONE: Purported plea deal. Plaintiff-Petitioner was promised one year, but received a total of six and a half years imprisonment.

GROUND TWO: Faulty plea deal; no *mens rea*, and recklessly.

GROUND THREE: Ineffective Counseling at trial court.

(Doc. 14 at 1-4). On March 29, 2012, the Magistrate issued a R&R recommending Bostic's petition be denied.

## II. Standard of Review

The AEDPA governs federal habeas corpus when the state court adjudicates the claims on the merits. 28 U.S.C. § 2254(d). The statute establishes two ways in which a federal court may issue a writ. First, a federal court may issue a writ if the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Second, a federal court may issue a writ if the state court's decision resulted in an unreasonable determination of facts in light of the evidence. 28 U.S.C. § 2254(d)(2).

3

Under section 2254(d)(1), the term "clearly established federal law" refers to the Supreme Court's holdings. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state courts' decision is "contrary to" the Supreme Court when either the decision contradicts the Supreme Court's holdings or it "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from this precedent." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam)). A state court's decision unreasonably applies Supreme Court holdings "if the state court identifies the correct governing legal principle from the Supreme Court but unreasonably applies that principle to the facts' of petitioner's case." *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)).

"[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence." *Id.*

### III. Discussion

The Magistrate's R&R recommends that the Court deny Bostic's Petition for a Writ of Habeas Corpus. (Doc. 14). Bostic objects to the Magistrate's R&R. Bostic argues that the statute of limitations has not started to run, that he should have been released from prison after one year, and that because he was not notified by trial counsel of his right to appeal, the statute of limitations should be tolled.

### A. Statute of Limitations

This case is governed by the AEDPA, 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > \*\*\*
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(1) & (2).

An application is "properly filed" when its delivery and acceptance by the state court comply with the state laws and rules governing filings. *Artuz v. Bennet*, 531 U.S. 4, 8 (2000). Untimely motions are not "properly filed" and will not stop the one-year clock. *See id.* (examples of these laws and rules include "the time limits upon [petition's] delivery" to state court). Additionally, "[t]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original).

Bostic argues that the one year statute of limitations does not begin to run until all possible state criminal appeals are exhausted or denied, and that every possibility has not yet been exhausted because he is still waiting to receive the documents he requested on January 19, 2012. According to Bostic's argument, the statute of limitations has not yet started to run. However, Bostic's contention is not supported by the text of the relevant statute.

As discussed in the Magistrate's R&R, because Bostic failed to file a timely direct appeal, his conviction became final on January 29, 2007, thirty (30) days after his sentencing. (Doc. 14 at 6). Absent any statutory tolling, the limitations period expired on January 30, 2008, and any filings made after January 30, 2008, could not toll the already expired statute of limitations. However, Bostic's first postconviction state court filing that could have potentially tolled the statute of limitations, a motion for judicial release, was not filed until April 4, 2008. (Doc. 9 at 20). Without equitable tolling or an alternative date from which to begin calculating the statute of limitations, Bostic's petition is untimely.

**B. Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the one year limitations period under the AEDPA may begin to run from the date upon which the factual predicate for a claim could have been discovered through due diligence. *Arter v. Jefferies*, No. 3:06 CV 855, 2007 WL 3071683, at * 10 (N.D. Ohio Oct. 19, 2007). The time commences under section 2244(d)(1)(D) when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given prisoner. *Id.*

Bostic argues that, based on a plea agreement, he should have been released after serving one year in prison. (Doc. 15 at 4). As the Magistrate's R&R explained, Bostic, at the latest, knew he was not going to be released after serving one year in prison when his first motion for judicial release was denied on April 18, 2008. (Doc. 14 at 6). The limitations period ran for eighty-seven days until July 15, 2008, when Bostic filed a second motion for judicial release. (Doc. 9 at 24). This motion was denied on August 22, 2008. (Doc. 9 at 26). The limitations period resumed running the next day. For the next 202 days, the limitations period continued to run without the

benefit of any tolling until March 13, 2009, when Bostic filed his motion for delayed appeal. (Doc. 9 at 12-18). This motion was denied on April 23, 2009. (Doc. 9 at 29). The statute of limitations, of which 289 days had already run, resumed running the next day. By July 8, 2009, seventy-six (76) additional days elapsed resulting in the expiration of the 365-day statute of limitations. Bostic's next filing, a third motion for judicial release, did not occur until August 14, 2009 – *after* the limitations period had completely run. (Doc. 9 at 27-32). After that motion was denied on August 21, 2009, approximately 541 more days elapsed before Bostic filed his habeas petition. (Doc. 1 at 2). Thus, after crediting Bostic with the latest possible start date, his petition remains untimely.

**C. Equitable Tolling**

Although Bostic did not timely file his petition, the Sixth Circuit allows a petitioner who missed the deadline to maintain a habeas action when the court determines that equitable tolling is appropriate. *Allen v. Yukins*, 366 F.3d 396, 401 (6th. Cir. 2004). Equitable tolling may be appropriate due to "compelling equitable considerations." *Dunlap v. United States*, 250 F.3d 1001, 1004-1007 (6th Cir. 2001). It is the petitioner who bears the burden of demonstrating his entitlement to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). In making such a showing, the petitioner bears the burden of proving that he exercised due diligence in pursuing his claims. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006).

Bostic argues that because he was not notified by his trial counsel that he had a right to appeal, equitable tolling is appropriate. In order for Bostic's argument to succeed, he must provide evidence that his trial counsel's behavior went beyond "a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 90 (1990). An

7

attorney's failure to meet professional standards of care can, in egregious cases, constitute extraordinary circumstances and prompt equitable tolling.  *See Holland v. Florida*, 130 S. Ct. 2549, 2562-63 (2010) (petitioner's attorney was unaware of the date on which the limitations period expired, failed to do the research necessary to determine the proper filing date, and ignored letters from his client that accurately explained the relevant law, warranting equitable tolling); *Dial v. Beightler*, 689 F.Supp. 2d 906, 908 (N.D. Ohio 2010) (petitioner entitled to equitable tolling where evidence demonstrated his attorney was disbarred after abandoning case, lying about completing legal work, and failing to return his file).

Neither the magistrate, nor this Court, has found any basis for equitably tolling the statute of limitations, because Bostic has not met the burden of proving that tolling is applicable.  Bostic did not raise a tolling argument after Respondent asserted a statute of limitations defense, and he did not challenge his convictions or sentence for over two years.  Even after Bostic began filing motions in the state court systems, he repeatedly missed deadlines for filing appeals.  Bostic claims that his trial counsel did not explain that he had a right to appeal his conviction, but he fails to provide evidence that supports this claim.  This bare allegation does not satisfy the burden of proof; therefore, Bostic has failed to show that equitable tolling is appropriate.

## IV. Conclusion

For the reasons stated herein, the Court adopts the Magistrate's well-reasoned R&R, and Bostic's Petition for a Writ of Habeas Corpus is denied.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

8